IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

At Charleston

**MICHAEL R. FORTUNA,**

        Plaintiff,

v.                                       Civil Action No.:  2:15-cv-11145

**TYLER NELSON**, individually
as a correctional guard employed at the
Southwestern Regional Jail,

        Defendant.

## COMPLAINT

For his **COMPLAINT** against Defendant Tyler Nelson, Plaintiff Michael R. Fortuna states

the following:

### Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1334

and under the Court's authority to decide pendent state law claims.

2.    Plaintiff files this **COMPLAINT**, pursuant to 42 U.S.C. §1983, alleging violations

of his constitutional rights.  Specifically, Plaintiff alleges that his rights under the

Eighth, and Fourteenth Amendment to the United States Constitution and under

Article III, Sections 1, 5, and 10 of the West Virginia Constitution were violated by

Defendant when he used excessive and wrongful force against Plaintiff on or about

July 15, 2013.

## Parties

3.      Plaintiff Michael R. Fortuna at all times relevant to this **COMPLAINT** was incarcerated in the Southwestern Regional Jail, in Logan County, near Holden, West Virginia.

4.      Defendant Tyler Nelson at all times relevant to this **COMPLAINT** was employed as a correctional officer at the Southwestern Regional Jail.  At all times alleged herein, Defendant was acting under color of law and within the scope of his employment.  Defendant is sued only in his individual capacity.

5.      This **COMPLAINT** was filed after Plaintiff had complied with W.Va. Code §55-17-3, by sending a certified letter to Attorney General Patrick Morrissey, Jim Rubenstein. Commissioner of the West Virginia Division of Corrections, and David Farmer, Administrator of the Southwestern Regional Jail, on January 15, 2014, providing them notice of this lawsuit.

6.      Pursuant to W.Va. Code §55-17-3, a copy of this **COMPLAINT** will be mailed to Attorney General Patrick Morrissey, after it is filed.

7.      Defendant is sued up to the limits of the insurance policy which provides liability coverage for his actions and inactions.

## Facts

8.      On July 14, 2013, Plaintiff Michael R. Fortuna was an inmate at the Southwestern Regional Jail in Holden, West Virginia.

9.      On that date, Plaintiff was picking up food trays for the other inmates in his pod.

2

10.     When Plaintiff noticed some of the trays were missing their cartons of milk, he went back to the cafeteria to ask for some additional cartons.

11.     Defendant listened to Plaintiff's request, but told Plaintiff the correct amount of milks had been distributed.

12.     Plaintiff responded actually not enough milk cartons had been provided and Plaintiff then asked to speak with an officer with a gold badge.

13.     Defendant told Plaintiff, to the best of Plaintiff's recollection, "No, because they're not short, I put enough fucking  milks in there."

14.     Plaintiff Fortuna said to a fellow inmate, while turning and walking away, "Fuck those milks, they can stick them up their ass."

15.     Defendant ran through the door, screamed at Plaintiff, "You cussing me," and violently pushed Plaintiff from behind against the wall and then slammed him to the floor, knocking Plaintiff's shoes off.

16.     At the time of this unprovoked physical assault by Defendant, Plaintiff had not threatened Defendant physically or verbally, and, in fact, was walking away from Defendant when Defendant attacked Plaintiff from behind.

17.     After violently slamming Plaintiff to the floor, Defendant asked Plaintiff where his cell was located and Plaintiff indicated where it was.

18.     Defendant then pulled Plaintiff to his feet and when Plaintiff tried to put on his shoes, Defendant, for a second time, slammed Plaintiff to the floor, put his knee on Plaintiff's back,  and called for backup.

19.    When backup arrived and Defendant insisted Plaintiff had to stand up, Plaintiff physically was unable to do so because the unprovoked attacks on Plaintiff had left him with a closed displaced fracture of his left leg and left hip.  Specifically, Plaintiff has suffered a femoral neck fracture at the base of the cervical region and a comminuted intertrochanteric fracture.

20.    Plaintiff was seriously injured and had to be picked up and placed in a wheelchair.

21.    Primecare Medical, which provides health care services at the Southwestern Regional Jail examined Plaintiff and noted he was unable to bear any weight on his left leg, his left foot was rotated outward, and Plaintiff was in a great deal of pain.

22.    Following this initial examination, Plaintiff was taken by ambulance to the emergency room at the Logan Regional Medical Center.

23.    At Logan, an open reduction and internal fixation surgical procedure was performed to remedy the fractures to Plaintiff's left femur, caused by Defendant.

24.    An eleven inch pin was inserted in Plaintiff's left femur.

25.    Patient remained hospitalized for a week, recuperating from the surgery and going through some physical therapy sessions, before being returned to the Southwestern Regional Jail.

26.    Defendant's assault on Plaintiff has left Plaintiff with a permanent injury, which causes him to limp noticeably, and to experience severe pain in his hip, back,  and lower extremities including his knees.

27.    The physical therapy following surgery was extremely painful, but did not relieve him completely of his limp or pain.

4

28. Because of his physical disability caused by Defendant, Plaintiff has been designated to the Butner, North Carolina federal prison hospital for treatment and therapy, which is where he is now.

29. This unlawful, excessive, and unprovoked use of force by Defendant against Plaintiff was witnessed by many witnesses, including other inmates, whose testimony fully support Plaintiff's version of events as alleged above.

## COUNT I

### *42 U.S.C. §1983*

30. Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 29 of this **COMPLAINT**.

31. Defendant, while acting under color of law, violated Plaintiff's constitutional rights, resulting in permanent and debilitating injuries.

32. The actions of Defendant violated the constitutional rights guaranteed to Plaintiff under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

33. The actions of Defendant were not taken in good faith and were in violation of clearly established law.

34. Defendant violated Plaintiff's constitutional rights, as described and identified herein, by using excessive and wrongful force during Defendant's unprovoked and unjustified attack on Plaintiff that occurred on July 15, 2013.

35. As a proximate result of Defendant's unconstitutional actions, Plaintiff seeks to recover damages to compensate him for:

A.   Physical pain and suffering, past and future;

B.   Mental pain and suffering, past and future;

C.   Permanent injuries;

D.   Past and future medical bills;

E.   Loss of earning capacity and lost wages;

F.   Scarring;

G.   Humiliation, embarrassment, and degradation;

H.   All other injuries proven by a preponderance of the evidence proximately caused by Defendant.

36.   In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 U.S.C. §1988 the attorneys' fees and costs incurred during the course of this litigation.

37.   In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, Plaintiff further seeks to have the Court order Defendant as well as the other correctional officers employed by the Southwestern Regional Jail to undergo additional training and education addressing Defendant's use of excessive and wrongful force, the development of policies to preclude such actions in the future, and the implementation of discipline against Defendant and others who similarly use wrongful and excessive force to hold them accountable for their wrongful actions.

38.   The actions of Defendant against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff,

thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendant's applicable insurance coverage.

## COUNT II

### *STATE CONSTITUTIONAL VIOLATIONS*

39.    Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 38 of this **COMPLAINT**.

40.    Count II alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia, and specifically is not filed pursuant to 42 U.S.C. §1983 or any other related federal statute.

41.    The actions of Defendant violated the constitutional rights guaranteed to Plaintiff under Article III, Sections 1, 5, 6, and 10 of the West Virginia Constitution.

42.    The actions of Defendant also violated the constitutional rights guaranteed to Plaintiff under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

43.    The actions of Defendant were not taken in good faith and were in violation of clearly established law.

44.    Defendant violated Plaintiff's constitutional rights, as described and identified herein, by using excessive and wrongful force during Defendant's unprovoked and unjustified attack on Plaintiff that occurred on July 15, 2013.

45.    As a proximate result of Defendant's unconstitutional actions, Plaintiff seeks to recover damages to compensate him for:

7

A.      Physical pain and suffering, past and future;

B.      Mental pain and suffering, past and future;

C.      Permanent injuries;

D.      Past and future medical bills;

E.      Loss of earning capacity and lost wages;

F.      Scarring;

G.      Humiliation, embarrassment, and degradation;

H.      All other injuries proven by a preponderance of the evidence proximately
        caused by Defendant.

46.     In an effort to prevent other similarly situated individuals from suffering the same
        violation of their constitutional rights, Plaintiff further seeks to have the Court order
        Defendant to undergo additional training and education addressing Defendant's use
        of excessive and wrongful force, the development of policies to preclude such actions
        in the future, and the implementation of discipline against Defendant and others who
        similarly use wrongful and excessive force to hold them accountable for their
        wrongful actions.

47.     The actions of Defendant against Plaintiff were reprehensible, willful and wanton,
        malicious, and in blatant and intentional disregard of the rights owed to Plaintiff,
        thereby justifying an award of punitive damages, to the extent that such damages are
        covered by Defendant's applicable insurance coverage.

## COUNT III

### *BATTERY*

48.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 47 of this **COMPLAINT**.

49.     Defendant committed a battery upon the Plaintiff which proximately caused his injuries.

50.     As a proximate result of Defendant's battery, Plaintiff seeks to recover damages to compensate him for:

   A.      Physical pain and suffering, past and future;

   B.      Mental pain and suffering, past and future;

   C.      Permanent injuries;

   D.      Past and future medical bills;

   E.      Loss of earning capacity and lost wages;

   F.      Scarring;

   G.      Humiliation, embarrassment, and degradation;

   H.      All other injuries proven by a preponderance of the evidence proximately caused by Defendant.

51.     The actions of Defendant against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendant's applicable insurance coverage.

## COUNT IV

### *NEGLIGENCE*

52. Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 51 of this **COMPLAINT**.

53. Alternatively, Defendant was negligent in the performance of his duties within the scope of his employment and such negligence was the proximate cause of Plaintiff's injuries.

54. As a proximate result of Defendant's negligence, Plaintiff seeks to recover damages to compensate him for:

   A.   Physical pain and suffering, past and future;

   B.   Mental pain and suffering, past and future;

   C.   Permanent injuries;

   D.   Past and future medical bills;

   E.   Loss of earning capacity and lost wages;

   F.   Scarring;

   G.   Humiliation, embarrassment, and degradation;

   H.   All other injuries proven by a preponderance of the evidence proximately caused by Defendant.

55. The actions of Defendant against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendant's applicable insurance coverage.

10

## PRAYER

WHEREFORE, based on the above stated facts, Plaintiff Michael R. Fortuna respectfully requests that this Honorable Court award all damages, including attorneys' fees and costs, to Plaintiff to compensate him for the injuries he suffered as a proximate result of Defendant's actions. Plaintiff also seeks an award of punitive damages to deter other similarly situated correctional officers from committing similar acts. Finally, Plaintiff seeks whatever equitable relief the Court deems appropriate, such as requiring Defendant to undergo additional training and education addressing Defendant's use of excessive and wrongful force, the development of policies to preclude such actions in the future, and the implementation of discipline against Defendant and others who similarly use wrongful and excessive force to hold them accountable for their wrongful actions.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

**MICHAEL R. FORTUNA**, Plaintiff,

--By Counsel--

/s/ Lonnie C. Simmons
Lonnie C. Simmons (W.Va. I.D. No. 3406)
J. Timothy DiPiero (W.Va. I.D. No. 1021)
**DITRAPANO, BARRETT, DIPIERO,
MCGINLEY & SIMMONS, PLLC**
P.O. Box 1631
Charleston, West Virginia 25326-1631
(304) 342-0133
lonnie.simmons@dbdlawfirm.com
Tim.DiPiero@dbdlawfirm.com

11